284 P.2d 1119

**Paul J. LEWIS, Plaintiff and Appellant,**

v.

**Paul S. FREEBAIRN, Defendant and Respondent.**

No. 8331.

Supreme Court of Utah.
June 20, 1955.

Benjamin Spence, Salt Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a no cause of action judgment in a case tried to the court, based on a claim for a balance due on an alleged sale of a one-half interest in a tire-capping business. Affirmed, costs to defendant.

The parties hereto negotiated for the sale and purchase of the interest mentioned, for a price of $8,000, the initial payment of $3,000 being paid. It appears fairly clear that the parties thereafter were to reduce their understanding to writing. From that point on practically all of the testimony of each party categorically was denied by the other, and a proposed contract written by plaintiff's counsel was rejected by defendant who refused to sign it. There was testimony of an attempt by defendant to get his $3,000 back and to retreat from the venture because of his discovery of unrevealed obligations of the business, represented as nonexistent, and obsolescence of equipment which had been represented as adequate. At any rate the litigants continued their loose partnership arrangement for about 4 years, during which time plaintiff's previous debts were paid off and new equipment purchased. Plaintiff claims defendant was entitled to a $2,723 credit therefor, while defendant claims something over $5,000 should have been credited to him.

Under the circumstances we cannot disturb the trial court's judgment. We recognize the merit of counsel's contention that the trial court should make findings on all material issues and that failure to do so well may constitute reversible error, but the only real issue in the instant case was whether defendant had met his obligation under a contract, the terms of which were highly debatable and the subject of nothing but controversy among the parties,—upon which issue the court made a specific finding of full payment resulting in a no cause of action judgment, supportable by sufficient believable evidence.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.